MARY R. HEWLETT et al., as Executors of and Trustees under the Will of SAMUEL L. HEWLETT, Deceased, et al., Respondents, v. GOODWIN-GALLAGHER SAND AND GRAVEL CORPORATION, Appellant.

(Argued March 25, 1930; decided May 6, 1930.)

*Abel E. Blackmar* and *Paul Speer* for appellant. The ease grants to the defendant the right to excavate " as they may desire " and does not require the excavation to start at a thirty-two-foot level. (*Woodruff* v. *Woodruff*, 52 N. Y. 53; *Atterbury* v. *Bank of Washington Heights*, 241 N. Y. 231; *Mullen* v. *Washburn*, 224 N. Y. 413; *Anderson* v. *Erie R. R. Co.*, 223 N. Y. 277; *Shirai* v. *Blum*, 239 N. Y. 172; *King* v. *Leighton*, 100 N. Y. 386.) The lease does not require that the defendant shall build a dock and plant on the leased premises so that plaintiffs may measure the sand, gravel and grits on the vessels from it. The defendant has not deprived the plaintiffs of the right to measure the excavated materials. (*Potter* v. *Ontario & Livingston Ins. Co.*, 5 Hill, 147; *Hoffman* v. *Ætna Fire Ins. Co.*, 32 N. Y. 405.) The remedy by injunction will not be granted where it bears heavily on

the defendant without benefiting the plaintiffs. (*McClure
v. Leaycraft*, 183 N. Y. 36; *Zipp v. Barker*, 166 N. Y. 621;
*Batchelor v. Hinkle*, 210 N. Y. 243; *Forstmann v. Joray
Holding Co.*, 244 N. Y. 30; *Wigand v. Bachmann-Bechtel
Brewing Co.*, 222 N. Y. 272; *Shirai v. Blum*, 239 N. Y.
172.)

*William J. Martin* and *Patrick J. Dobson* for respond-
ents. The covenants as to the method of excavating are
express conditions annexed to the grant of right to
excavate, defining the method by which the right is to be
exercised; the ordinary meaning of the language is that
at every step in the progress of work the required floor depth
and grade shall be maintained always; a construction
borne out by the entire agreement, the situation of the
parties, and the results accomplished by defendant, which
it was designed to prevent. (*Boskowitz v. Cohn*, 197
App. Div. 780; *Sweet v. Chase*, 2 N. Y. 78; *Agate v.
Lowenbein*, 57 N. Y. 604; *Cosgriff v. Dewey*, 164 N. Y. 1;
*Bevin v. Steers*, 218 App. Div. 502; *Bovin v. Galitzka*, 250
N. Y. 228; *Genet v. D. & H. Co.*,136 N. Y. 593; *Wilmore Coal
Co. v. O'Brien*, 147 Fed. Rep. 931; *McIntyre v. McIntyre
Coal Co.*, 105 N. Y. 264; *W. U. T. Co. v. S. E. L. & P. Co.*,
178 N. Y. 330; *Marmon v. Curtis*, 223 N. Y. 320; *Smith v.
Kerr*, 108 N. Y. 31; *Mullan v. Washburn*, 224 N. Y. 420.)
The spirit and intent of the agreement is that all material
shall be measured by the plaintiffs on vessels at the leased
premises before it is taken away; a conclusion confirmed
by a consideration of the lease as a whole, and the cir-
cumstances under which it was made; equity will enforce
such a requirement. (*Luedinghaus Lumber Co. v. Lueding-
haus*, 299 Fed. Rep. 111; *Wood v. Duff-Gordon*, 222 N. Y.
88; *Genet v. D. & H. Co.*, 136 N. Y. 593; *Hamilton College
v. Roberts*, 223 N. Y. 56; *Carns v. Bassick*, 187 App. Div.
283; *Floyd v. U. S.*, 8 Wall. 77.) Considerations of the
alleged expense, disadvantage or hardship to defendant,
of the performance of the conditions and covenants, so

beneficial to plaintiff, do not warrant refusal of the injunction. (*Prospect Park & C. I. R. R. Co.* v. *C. I. & B. R. R. Co.*, 144 N. Y. 152; *Guffey* v. *Smith*, 237 U. S. 101; *McClure* v. *Leaycraft*, 183 N. Y. 44; *Round Lake Assn.* v. *Kellogg*, 141 N. Y. 348; *Bovin* v. *Galitzka*, 250 N. Y. 228; *Erie R. R. Co.* v. *City of Buffalo*, 180 N. Y. 192; *Boskowitz* v. *Cohn*, 197 App. Div. 780; *Froehlich* v. *Holding Co.*, 116 Misc. Rep. 275; *Agate* v. *Lowenbein*, 57 N. Y. 604.)

LEHMAN, J. In January, 1924, the defendant leased from Samuel L. Hewlett certain parcels of land on Hempstead Harbor " together with the exclusive rights, privilege and license to the party of the second part to dig, excavate and remove from said premises hereby leased, sand, gravel and grits as they may desire, said party of the second part to take and carry away from said premises not less than Two Hundred and Twenty-five Thousand yards of sand, gravel and grits per year during this agreement or any extension thereof or pay for said quantity as hereinafter specified."

The purpose of the lease was to provide a supply of sand and gravel for the defendant's business. It was made pursuant to options contained in previous leases to the defendant of the same premises. Until the year 1928 the defendant paid the minimum rental, although it excavated no sand, gravel or grits. Then it began excavation on a large scale, and removed the excavated material to another parcel of land where it operates a plant for the cleaning, separating and loading of sand, gravel and grits.

The leased premises rise from a shore road to a height of about 179 feet. The defendant began its excavation at the highest point. The most valuable part of the deposit of sand and gravel lies near the surface at the higher levels. If the defendant should remove the deposits only from these levels, the landlord would receive back at the

termination of the lease an irregular, broken bank from which it would not be profitable to excavate the less valuable remaining deposits.

The lease expressly provided against such a contingency. The defendant agreed " that where it excavates sand, gravel or grits it will remove the same substantially so that an even grade with a rise of one foot in each one hundred feet shall be maintained and that the floor of the bank shall be maintained at not more than thirty-two feet above high-water level," etc. The defendant claims that under the terms of the lease it may excavate as it desires, provided only that before the termination of the lease it shall remove the excavated material so that the floor of the bank shall not be more than thirty-two feet above the high-water mark, with a slope rising one foot on each one hundred feet. The Appellate Division has held that the construction for which the defendant contends does not give proper effect to the word " maintain " which the parties have used to describe the manner in which the defendant shall conduct such excavation as it desires to make. It has decreed that " the defendant be * * * restrained * * * from excavating * * * in such way that the floor of the excavation be at any time higher than thirty-two feet above high-water level at the outside or face of the bank with a rise from that point, toward the back or west side of the bank, of one foot in each 100 feet, which level must always be maintained on such floor."

Read in the light of the purpose for which the lease was made and the circumstances surrounding its making, the lease cannot reasonably be construed in any other way. We are now told that it would not be practical to maintain the excavation in accordance with the injunction. No evidence was presented at the trial to show that it would be impractical. Doubtless in the course of the excavation there must be periods when the slope cannot be maintained in literal compliance with the injunction. In one of the

earlier leases the parties inserted an express limitation "so far as is reasonably practicable." The same limitation is implied, even though not expressed, in the later lease and in the injunction order. Both must be given a reasonable construction.

The lease further provides that a statement of the quantity of sand and gravel shall be rendered at the end of each month to the defendant " and all sand and gravel shall be measured in the vessels on which it is loaded and at the dock where the same is loaded." The defendant has not expressly agreed to give the landlord an opportunity to measure the excavated material before it is removed from the premises, but such a term is necessarily implied in the lease. There can be no doubt that the parties expected that the material would be removed from the premises by vessels, and in view of that expectation they provided for measurement at the dock or on the vessels. The expectation has proven false. The defendant has found it more economical to remove the material to an existing plant than to erect a new plant on the premises. Measurement on vessels is merely part of the machinery for fixing the amount due under the lease. It is not an essential part of the lease and does not justify reading into the contract, by implication, a covenant to build docks and load vessels on the premises merely to facilitate the measurement of the material removed. A court of equity should not by its fiat impose an unnecessary burden upon the parties merely to preserve machinery devised for other conditions. The defendant does not refuse the plaintiff reasonable opportunity to measure the material removed. The court should not decree more.

The judgment of the Appellate Division should be modified by striking therefrom the provisions enjoining the defendant from removing sand, gravel or grits from the leased premises on railroad cars, or without affording the opportunity to measure the same on vessels in front of or on the leased premises, and by adding a provision that

either party may apply to the court, at the foot of the judgment, for further directions.

The judgment of the Appellate Division should be modified as directed herein and as modified, affirmed, without costs.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.